UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| INTELLECTUAL VENTURES I LLC and<br>INTELLECTUAL VENTURES II LLC,<br><br>Plaintiffs,<br><br>v.<br><br>HYNIX SEMICONDUCTOR INC.,<br>HYNIX SEMICONDUCTOR AMERICA<br>INC., ELPIDA MEMORY, INC. and<br>ELPIDA MEMORY (USA) INC.,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO._____<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs Intellectual Ventures I LLC ("Intellectual Ventures I") and Intellectual

Ventures II LLC ("Intellectual Ventures II") (collectively, "Intellectual Ventures I and II"), by

their undersigned attorneys, for their complaint against Defendants Hynix Semiconductor Inc.,

Hynix Semiconductor America Inc. (collectively, "Hynix"), Elpida Memory, Inc. and Elpida

Memory (USA) Inc. (collectively, "Elpida"), hereby allege the following:

## NATURE OF THE ACTION AND PARTIES

1.     This is an action for patent infringement arising under the patent laws of the

United States, Title 35 of the United States Code.

2.     Intellectual Ventures I is a limited liability company organized and existing under

the laws of Delaware, with its principal place of business located in Bellevue, Washington.

3.     Intellectual Ventures II is a limited liability company organized and existing

under the laws of Delaware, with its principal place of business located in Bellevue, Washington.

4.     Upon information and belief, Defendant Hynix Semiconductor Inc. is a

corporation organized and existing under the laws of South Korea, with its headquarters located in Icheon-si, South Korea.   Defendant Hynix Semiconductor America Inc., a wholly owned subsidiary of Hynix Semiconductor Inc., is a corporation organized and existing under the laws of California, with its principal place of business located in San Jose, California.

5.   Upon information and belief, Defendant Elpida Memory, Inc. is a corporation organized and existing under the laws of Japan, with its headquarters located in Tokyo, Japan. Defendant Elpida Memory (USA) Inc., a wholly owned subsidiary of Elpida Memory, Inc., is a corporation organized and existing under the laws of Delaware, with its principal place of business located in Sunnyvale, CA.

6.   Unless specifically stated otherwise, the acts complained of herein were committed by, on behalf of, and/or for the benefit of Hynix and/or Elpida.

## JURISDICTION AND VENUE

7.   This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8.   This Court has personal jurisdiction over Hynix and Elpida (collectively, "Defendants") because Defendants have committed acts of infringement in violation of 35 U.S.C. § 271 and have placed infringing products into the stream of commerce, through an established distribution channel, with the knowledge and/or understanding that such products are used and sold in this District.   These acts cause injury to Intellectual Ventures I and II within the District. On information and belief, Defendants derive substantial revenue from the sale of infringing products distributed within the District, and/or expect or should reasonably expect their actions to have consequences within the District, and derive substantial revenue from interstate and international commerce.   In addition, this Court has personal jurisdiction over Elpida Memory,

Inc. and Elpida (USA) Inc. because Elpida (USA) is incorporated in this State and District and has a registered agent for service of process in this District.   In addition, Defendants knowingly induced, and continue to knowingly induce, infringement within this District by contracting with others to market and sell infringing products with the knowledge and intent to facilitate infringing sales of the products by others within this District and by creating and/or disseminating data sheets and other instruction materials for the products with like mind and intent.

9.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## FACTUAL BACKGROUND

10.     Intellectual Ventures Management, LLC ("Intellectual Ventures") was founded in 2000.   Since its founding, Intellectual Ventures has been deeply involved in the business of invention.   Intellectual Ventures creates inventions and files patent applications for those inventions; collaborates with others to develop and patent inventions; and acquires and licenses patents from individual inventors, universities and other institutions.   A significant aspect of Intellectual Ventures' business is managing the two plaintiffs in this case, Plaintiff Intellectual Ventures I and Plaintiff Intellectual Ventures II.

11.     Intellectual Ventures' business includes purchasing important inventions from individual inventors and institutions and then licensing the inventions to those who need them. Through this business, Intellectual Ventures allows inventors to reap a financial reward from their innovations, which is frequently difficult for individual inventors to do.   To date, Intellectual Ventures has purchased more than 30,000 assets and, in the process, has paid individual inventors hundreds of millions of dollars for their inventions.   Intellectual Ventures, in turn, has earned nearly $2 billion by licensing these patents to some of the world's most

innovative and successful technology companies who continue to use them to make computer equipment, software, semiconductor devices, and a host of other products.

12.     Intellectual Ventures also creates inventions of its own.   Intellectual Ventures has a staff of scientists and engineers who develop ideas in a broad range of fields, including agriculture, computer hardware, life sciences, medical devices, semiconductors, and software. Intellectual Ventures has invested millions of dollars developing such ideas and has filed hundreds of patent applications on its inventions every year, making it one of the top patent filers in the world.   Intellectual Ventures has also invested in laboratory facilities to assist with the development and testing of new ideas.

13.     As part of the company's focus on finding solutions to the world's energy problems, inventors at Intellectual Ventures have also invented a new kind of nuclear reactor that produces significantly smaller amounts of nuclear waste than conventional nuclear reactors. Specifically, this new reactor turns depleted uranium—a waste material—into fuel.   Using waste material to run a nuclear reactor has the chance of reducing carbon emissions from the power industry significantly and at a relatively lower cost.   Expected to go online by 2020, the TerraPower project has received funding from outside investors and is the first official spin out from Intellectual Ventures.   Intellectual Ventures also has a team dedicated to creating new technologies to combat and track the spread of malaria, a disease that sickens or kills millions around the world every year.

14.     Intellectual Ventures also creates inventions by collaborating with inventors and research institutions around the world.   For example, Intellectual Ventures has developed inventions by selecting a technical challenge, requesting proposals for inventions to solve the challenge from inventors and institutions, selecting the most promising ideas, rewarding the

inventors and institutions for their contributions, and filing patent applications on the ideas. Intellectual Ventures has invested millions of dollars in this way and has created a network of more than 3000 inventors worldwide.

15.     Hynix is one of the world's largest manufacturers of a semiconductor memory device called Dynamic Random Access Memory, or DRAM.   DRAM is used as the main memory in personal computers, servers, and other electronic devices.   The worldwide market for DRAM is enormous, with projected revenues of approximately $41 billion for 2010.   For its part, Hynix has made and sold billions of dollars of DRAM, with projected revenues of approximately $8 billion for 2010.   Hynix also makes and sells NAND Flash memory devices. NAND Flash memory typically is used in products such as MP3 players, mobile phones, and digital cameras.   The worldwide market for NAND memory also is enormous, with projected revenues of approximately $20 billion for 2010.   Hynix has made and sold hundreds of millions of dollars of Flash memory, with projected revenues of approximately $1.5 billion for 2010.

16.     Beginning in 2008, Intellectual Ventures approached Hynix about taking a license to Intellectual Ventures' patents.   In 2009 and 2010, Intellectual Ventures discussed many of its patents with Hynix, including many of the patents asserted against Hynix in this complaint, in an effort to negotiate a license.   Further, Intellectual Ventures explained to Hynix how Hynix was using Intellectual Ventures' patented inventions in its DRAM and Flash products.   Despite Intellectual Ventures' good faith efforts to negotiate a business solution, Hynix has failed and refused to license Intellectual Ventures' patents on reasonable terms and continues to use those inventions without permission.

17.     Like Hynix, Elpida is one of the world's largest manufacturers of DRAM. Elpida has made and sold billions of dollars worth of DRAM, with projected revenues of approximately $7 billion in 2010.

18.     Intellectual Ventures contacted Elpida in 2009 and, by early 2010, Intellectual Ventures approached Elpida about a license to Intellectual Ventures' patents.  During the course of the year, Intellectual Ventures made significant efforts to meet with Elpida, discuss Intellectual Ventures' patents, and negotiate a license.  Despite repeated requests from Intellectual Ventures for a meeting, Elpida repeatedly delayed.  Finally, Intellectual Ventures and Elpida met in the fall of 2010, during which Intellectual Ventures discussed many of its patents with Elpida, including many of the patents asserted against Elpida in this complaint. Further, Intellectual Ventures explained to Elpida how Elpida was using Intellectual Ventures' patented inventions in its DRAM products.  Despite Intellectual Ventures' good faith efforts to negotiate a business solution, Elpida has failed and refused to license Intellectual Ventures' patents on reasonable terms and continues to use those inventions without permission.

## THE PATENTS

19.     Intellectual Ventures I is the owner of and owns all right, title, and interest to U.S. Patent No. 6,373,753 ("the '753 Patent"), entitled "Memory Array Having Selected Word Lines Driven To An Internally-Generated Boosted Voltage That Is Substantially Independent Of VDD," and has full rights to sue and recover damages for all past, present, and future infringements of the '753 Patent.  The '753 Patent was duly and legally issued by the United States Patent and Trademark Office on April 16, 2002.   A true and correct copy of the '753 Patent is attached as Exhibit A.

20.     Intellectual Ventures I is the owner of and owns all right, title, and interest to U.S.

Patent No. 6,462,998 ("the '998 Patent"), entitled "Programmable And Electrically Configurable Latch Timing Circuit," and has full rights to sue and recover damages for all past, present, and future infringements of the '998 Patent.   The '998 Patent was duly and legally issued by the United States Patent and Trademark Office on October 8, 2002.   A true and correct copy of the '998 Patent is attached as Exhibit B.

21.    Intellectual Ventures I is the owner of and owns all right, title, and interest to U.S. Patent No. 6,455,937 ("the '937 Patent"), entitled "Arrangement and Method for Improved Downward Scaling of Higher Conductivity Metal-Based Interconnects," and has full rights to sue and recover damages for all past, present, and future infringements of the '937 Patent. The '937 Patent was duly and legally issued by the United States Patent and Trademark Office on September 24, 2002.   A true and correct copy of the '937 Patent is attached as Exhibit C.

22.    Intellectual Ventures I is the owner of and owns all right, title, and interest to U.S. Patent No. 7,444,563 ("the '563 Patent"), entitled "Multilevel Semiconductor Memory, Write/Read Method Thereto/Therefrom and Storage Medium Storing Write/Read Program," and has full rights to sue and recover damages for all past, present, and future infringements of the '563 Patent.   The '563 Patent was duly and legally issued by the United States Patent and Trademark Office on October 28, 2008.   A true and correct copy of the '563 Patent is attached as Exhibit D.

23.    Intellectual Ventures II is the owner of and owns all right, title, and interest to U.S. Patent No. 5,581,513 ("the '513 Patent"), entitled "Memory Architecture and Devices, Systems and Methods Utilizing the Same," and has full rights to sue and recover damages for all past, present, and future infringements of the '513 Patent.   The '513 Patent was duly and legally issued by the United States Patent and Trademark Office on October 22, 1996.   A true and

correct copy of the '513 Patent is attached as Exhibit E.

 24. Intellectual Ventures II is the owner of and owns all right, title, and interest to U.S. Patent No. 5,598,374 ("the '374 Patent"), entitled "Pipeland Address Memories, and Systems and Methods Using the Same," and has full rights to sue and recover damages for all past, present, and future infringements of the '374 Patent.   The '374 Patent was duly and legally issued by the United States Patent and Trademark Office on January 28, 1997.   A true and correct copy of the '374 Patent is attached as Exhibit F.

 25. Intellectual Ventures II is the owner of and owns all right, title, and interest to U.S. Patent No. 5,583,822 ("the '822 Patent"), entitled "Single Chip Controller-Memory Device and a Memory Architecture and Methods Suitable for Implementing the Same," and has full rights to sue and recover damages for all past, present, and future infringements of the '822 Patent. The '822 Patent was duly and legally issued by the United States Patent and Trademark Office on December 10, 1996.   A true and correct copy of the '822 Patent is attached as Exhibit G.

## FIRST CLAIM FOR RELIEF
### (Infringement of the '753 Patent Against Hynix and Elpida)

 26. Intellectual Ventures I incorporates by reference and realleges paragraphs 1 through 25 above as though fully restated herein.

 27. On information and belief, Hynix and Elpida have infringed and continue to infringe one or more of the claims of the '753 Patent by using, selling, and/or offering to sell within the United States, and/or by importing into the United States, DRAM products (DDR3), including without limitation (with respect to Hynix) H5TQ1G83BFR 1GB DDR3 SDRAM and (with respect to Elpida) EDJ1108BBSE 1G DDR3 SDRAM.   Hynix and Elpida are liable for their infringement of the '753 Patent pursuant to 35 U.S.C. § 271.

28.     On information and belief, Hynix and Elpida have induced, and continue to induce, others to infringe one or more claims of the '753 Patent in violation of 35 U.S.C. § 271 by taking active steps to encourage and facilitate direct infringement by others, such as sellers and distributors and/or users of the infringing products, with knowledge of that infringement, such as by contracting for the distribution of the infringing devices, by marketing the infringing devices, and by creating and/or distributing datasheets, application notes, and/or similar materials with instructions on the infringing devices.

29.     On information and belief, Hynix and Elpida have contributorily infringed, and continue to contributorily infringe, the '753 Patent in violation of 35 U.S.C. § 271, by selling within the United States, offering for sale within the United States, and/or importing into the United States components that embody a material part of the inventions described in one or more of the claims of the '753 Patent, that are known by Hynix and Elpida to be specially made or specially adapted for use in infringement of one or more of the claims of the '753 Patent, and that are not staple articles or commodities suitable for substantial, non-infringing use.

30.     Elpida has been put on notice of the '753 Patent and its infringement thereof before the filing of this Complaint.

31.     Hynix and Elpida have had actual and constructive knowledge of the '753 Patent.

32.     Pursuant to 35 U.S.C. § 284, Intellectual Ventures I is entitled to damages adequate to compensate for the infringement but in no event less than a reasonable royalty.

33.     Hynix and Elpida's infringement of the '753 Patent has been and is willful and, pursuant to 35 U.S.C. § 284, Intellectual Ventures I is entitled to treble damages.

34.     Intellectual Ventures I has been irreparably harmed by Hynix and Elpida's acts of infringement, and will continue to be harmed unless and until Hynix and Elpida's acts of infringement are enjoined and restrained by order of this Court.

35.     This case is "exceptional" within the meaning of 35 U.S.C. § 285, and Intellectual Ventures I is entitled to an award of attorneys' fees.

**SECOND CLAIM FOR RELIEF**
**(Infringement of the '998 Patent Against Hynix and Elpida)**

36.     Intellectual Ventures I incorporates by reference and realleges paragraphs 1 through 25 above as though fully restated herein.

37.     On information and belief, Hynix and Elpida have infringed and continue to infringe one or more of the claims of the '998 Patent by using, selling, and/or offering to sell within the United States, and/or by importing into the United States, DRAM products (DDR3), including without limitation (with respect to Hynix) H5TQ1G83BFR 1GB DDR3 SDRAM and (with respect to Elpida) EDJ1108BBSE 1G DDR3 SDRAM.   Hynix and Elpida are liable for their infringement of the '998 Patent pursuant to 35 U.S.C. § 271.

38.     On information and belief, Hynix and Elpida have induced, and continue to induce, others to infringe one or more claims of the '998 Patent in violation of 35 U.S.C. § 271 by taking active steps to encourage and facilitate direct infringement by others, such as sellers and distributors and/or users of the infringing products, with knowledge of that infringement, such as by contracting for the distribution of the infringing devices by marketing the infringing devices, and by creating and/or distributing datasheets, application notes, and/or similar materials with instructions on the infringing devices.

39.     On information and belief, Hynix and Elpida have contributorily infringed, and continue to contributorily infringe, the '998 Patent in violation of 35 U.S.C. § 271, by selling

within the United States, offering for sale within the United States, and/or importing into the United States components that embody a material part of the inventions described in one or more of the claims of the '998 Patent, that are known by Hynix and Elpida to be specially made or specially adapted for use in infringement of one or more of the claims of the '998 Patent, and that are not staple articles or commodities suitable for substantial, non-infringing use.

40.     Elpida has been put on notice of the '998 Patent and its infringement thereof before the filing of this Complaint.

41.     Hynix and Elpida have had actual and constructive knowledge of the '998 Patent.

42.     Pursuant to 35 U.S.C. § 284, Intellectual Ventures I is entitled to damages adequate to compensate for the infringement but in no event less than a reasonable royalty.

43.     Hynix and Elpida's infringement of the '998 Patent has been and is willful and, pursuant to 35 U.S.C. § 284, Intellectual Ventures I is entitled to treble damages.

44.     Intellectual Ventures I has been irreparably harmed by Hynix and Elpida's acts of infringement, and will continue to be harmed unless and until Hynix and Elpida's acts of infringement are enjoined and restrained by order of this Court.

45.     This case is "exceptional" within the meaning of 35 U.S.C. § 285, and Intellectual Ventures I is entitled to an award of attorneys' fees.

**THIRD CLAIM FOR RELIEF**
**(Infringement of the '937 Patent Against Hynix and Elpida)**

46.     Intellectual Ventures I incorporates by reference and realleges paragraphs 1 through 25 above as though fully restated herein.

47.     On information and belief, Hynix and Elpida have infringed and continue to infringe one or more of the claims of the '937 Patent by using, selling, and/or offering to sell within the United States, and/or by importing into the United States, DRAM products (DDR3),

including without limitation (with respect to Hynix) Hynix H5TQ2G83BFR 44nm 2Gb DDR3 and (with respect to Elpida) J1108BASE-MHN-E 70nm DDR3 SDRAM.   Hynix and Elpida are liable for their infringement of the '937 Patent pursuant to 35 U.S.C. § 271.

48.     On information and belief, Hynix and Elpida have induced, and continue to induce, others to infringe one or more claims of the '937 Patent in violation of 35 U.S.C. § 271 by taking active steps to encourage and facilitate direct infringement by others, such as sellers and distributors and/or users of the infringing products, with knowledge of that infringement, such as by contracting for the distribution of the infringing devices, by marketing the infringing devices, and by creating and/or distributing datasheets, application notes, and/or similar materials with instructions on the infringing devices.

49.     On information and belief, Hynix and Elpida have contributorily infringed, and continue to contributorily infringe, the '937 Patent in violation of 35 U.S.C. § 271, by selling within the United States, offering for sale within the United States, and/or importing into the United States components that embody a material part of the inventions described in one or more of the claims of the '937 Patent, that are known by Hynix and Elpida to be specially made or specially adapted for use in infringement of one or more of the claims of the '937 Patent, and that are not staple articles or commodities suitable for substantial, non-infringing use.

50.     Hynix and Elpida have been put on notice of the '937 Patent and its infringement thereof before the filing of this Complaint.

51.     Hynix and Elpida have had actual and constructive knowledge of the '937 Patent.

52.     Pursuant to 35 U.S.C. § 284, Intellectual Ventures I is entitled to damages adequate to compensate for the infringement but in no event less than a reasonable royalty.

53.    Hynix and Elpida's infringement of the '937 Patent has been and is willful and, pursuant to 35 U.S.C. § 284, Intellectual Ventures I is entitled to treble damages.

54.    Intellectual Ventures I has been irreparably harmed by Hynix and Elpida's acts of infringement, and will continue to be harmed unless and until Hynix and Elpida's acts of infringement are enjoined and restrained by order of this Court.

55.    This case is "exceptional" within the meaning of 35 U.S.C. § 285, and Intellectual Ventures I is entitled to an award of attorneys' fees.

### FOURTH CLAIM FOR RELIEF
**(Infringement of the '513 Patent Against Hynix and Elpida)**

56.    Intellectual Ventures II incorporates by reference and realleges paragraphs 1 through 25 above as though fully restated herein.

57.    On information and belief, Hynix and Elpida have infringed and continue to infringe one or more of the claims of the '513 Patent by using, selling, and/or offering to sell within the United States, and/or by importing into the United States, DRAM products (DDR3), including without limitation (with respect to Hynix) H5TQ1G83BFR 1GB DDR3 SDRAM and (with respect to Elpida) EDJ1108BBSE 1G DDR3 SDRAM.   Hynix and Elpida are liable for their infringement of the '513 Patent pursuant to 35 U.S.C. § 271.

58.    On information and belief, Hynix and Elpida have induced, and continue to induce, others to infringe one or more claims of the '513 Patent in violation of 35 U.S.C. § 271 by taking active steps to encourage and facilitate direct infringement by others, such as sellers and distributors and/or users of the infringing products, with knowledge of that infringement, such as by contracting for the distribution of the infringing devices, by marketing the infringing devices, and by creating and/or distributing datasheets, application notes, and/or similar materials with instructions on the infringing devices.

59.     On information and belief, Hynix and Elpida have contributorily infringed, and continue to contributorily infringe, the '513 Patent in violation of 35 U.S.C. § 271, by selling within the United States, offering for sale within the United States, and/or importing into the United States components that embody a material part of the inventions described in one or more of the claims of the '513 Patent, that are known by Hynix and Elpida to be specially made or specially adapted for use in infringement of one or more of the claims of the '513 Patent, and that are not staple articles or commodities suitable for substantial, non-infringing use.

60.     Hynix and Elpida have been put on notice of the '513 Patent and of their infringement before the filing of this Complaint.

61.     Hynix and Elpida have had actual and constructive knowledge of the '513 Patent.

62.     Pursuant to 35 U.S.C. § 284, Intellectual Ventures II is entitled to damages adequate to compensate for the infringement but in no event less than a reasonable royalty.

63.     Hynix and Elpida's infringement of the '513 Patent has been and is willful and pursuant to 35 U.S.C. § 284, Intellectual Ventures II is entitled to treble damages.

64.     Intellectual Ventures II has been irreparably harmed by Hynix and Elpida's acts of infringement, and will continue to be harmed unless and until Hynix and Elpida's acts of infringement are enjoined and restrained by order of this Court.

65.     This case is "exceptional" within the meaning of 35 U.S.C. § 285, and Intellectual Ventures II is entitled to an award of attorneys' fees.

### FIFTH CLAIM FOR RELIEF
### (Infringement of the '374 Patent Against Hynix and Elpida)

66.     Intellectual Ventures II incorporates by reference and realleges paragraphs 1 through 25 above as though fully restated herein.

67.    On information and belief, Hynix and Elpida have infringed and continue to infringe one or more of the claims of the '374 Patent by using, selling, and/or offering to sell within the United States, and/or by importing into the United States, DRAM products (DDR2 and DDR3), including without limitation (with respect to Hynix) H5TQ1G83BFR 1GB DDR3 SDRAM and (with respect to Elpida) EDJ1108BBSE 1G DDR3 SDRAM.   Hynix and Elpida are liable for their infringement of the '374 Patent pursuant to 35 U.S.C. § 271.

68.    On information and belief, Hynix and Elpida have induced, and continue to induce, others to infringe one or more claims of the '374 Patent in violation of 35 U.S.C. § 271 by taking active steps to encourage and facilitate direct infringement by others, such as sellers and distributors and/or users of the infringing products, with knowledge of that infringement, such as by contracting for the distribution of the infringing devices, by marketing the infringing devices, and by creating and/or distributing datasheets, application notes, and/or similar materials with instructions on the infringing devices.

69.    On information and belief, Hynix and Elpida have contributorily infringed, and continue to contributorily infringe, the '374 Patent in violation of 35 U.S.C. § 271, by selling within the United States, offering for sale within the United States, and/or importing into the United States components that embody a material part of the inventions described in one or more of the claims of the '374 Patent, that are known by Hynix and Elpida to be specially made or specially adapted for use in infringement of one or more of the claims of the '374 Patent, and that are not staple articles or commodities suitable for substantial, non-infringing use.

70.    Hynix and Elpida have been put on notice of the '374 Patent and of their infringement before the filing of this Complaint.

71.    Hynix and Elpida have had actual and constructive knowledge of the '374 Patent.

COMPLAINT FOR PATENT INFRINGEMENT                                                  PAGE 15

72.    Pursuant to 35 U.S.C. § 284, Intellectual Ventures II is entitled to damages adequate to compensate for the infringement but in no event less than a reasonable royalty.

73.    Hynix and Elpida's infringement of the '374 Patent has been and is willful and pursuant to 35 U.S.C. § 284, Intellectual Ventures II is entitled to treble damages.

74.    Intellectual Ventures II has been irreparably harmed by Hynix and Elpida's acts of infringement, and will continue to be harmed unless and until Hynix and Elpida's acts of infringement are enjoined and restrained by order of this Court.

75.    This case is "exceptional" within the meaning of 35 U.S.C. § 285, and Intellectual Ventures II is entitled to an award of attorneys' fees.

### SIXTH CLAIM FOR RELIEF
**(Infringement of the '822 Patent Against Hynix)**

76.    Intellectual Ventures II incorporates by reference and realleges paragraphs 1 through 25 above as though fully restated herein.

77.    On information and belief, Hynix has infringed and continues to infringe one or more of the claims of the '822 Patent by using, selling, and/or offering to sell within the United States, and/or by importing into the United States, Flash memory products, including without limitation H27UBG8T2ATR-BC 32Gb 32nm MLC NAND.   Hynix is liable for its infringement of the '822 Patent pursuant to 35 U.S.C. § 271.

78.    On information and belief, Hynix has induced, and continues to induce, others to infringe one or more claims of the '822 Patent in violation of 35 U.S.C. § 271 by taking active steps to encourage and facilitate direct infringement by others, such as sellers and distributors and/or users of the infringing products, with knowledge of that infringement, such as by contracting for the distribution of the infringing devices, by marketing the infringing devices,

and by creating and/or distributing datasheets, application notes, and/or similar materials with instructions on the infringing devices.

79.     On information and belief, Hynix has contributorily infringed, and continues to contributorily infringe, the '822 Patent in violation of 35 U.S.C. § 271, by selling within the United States, offering for sale within the United States, and/or importing into the United States components that embody a material part of the inventions described in one or more of the claims of the '822 Patent, that are known by Hynix to be specially made or specially adapted for use in infringement of one or more of the claims of the '822 Patent, and that are not staple articles or commodities suitable for substantial, non-infringing use.

80.     Hynix has been put on notice of the '822 Patent and its infringement thereof before the filing of this Complaint.

81.     Hynix has had actual and constructive knowledge of the '822 Patent.

82.     Pursuant to 35 U.S.C. § 284, Intellectual Ventures II is entitled to damages adequate to compensate for the infringement but in no event less than a reasonable royalty.

83.     Hynix's infringement of the '822 Patent has been and is willful and, pursuant to 35 U.S.C. § 284, Intellectual Ventures II is entitled to treble damages.

84.     Intellectual Ventures II has been irreparably harmed by Hynix's acts of infringement, and will continue to be harmed unless and until Hynix's acts of infringement are enjoined and restrained by order of this Court.

85.     This case is "exceptional" within the meaning of 35 U.S.C. § 285, and Intellectual Ventures II is entitled to an award of attorneys' fees.

### SEVENTH CLAIM FOR RELIEF
#### (Infringement of the '563 Patent Against Hynix)

86.     Intellectual Ventures I incorporates by reference and realleges paragraphs 1

through 25 above as though fully restated herein.

87.    On information and belief, Hynix has infringed and continues to infringe one or more of the claims of the '563 Patent by using, selling, and/or offering to sell within the United States, and/or by importing into the United States, Flash memory products, including without limitation HY27UT088G2m-TPCB 8Gb 60nm MLC NAND.   Hynix is liable for its infringement of the '563 Patent pursuant to 35 U.S.C. § 271.

88.    On information and belief, Hynix has induced, and continues to induce, others to infringe one or more claims of the '563 Patent in violation of 35 U.S.C. § 271 by taking active steps to encourage and facilitate direct infringement by others, such as sellers and distributors and/or users of the infringing products, with knowledge of that infringement, such as by contracting for the distribution of the infringing devices, by marketing the infringing devices, and by creating and/or distributing datasheets, application notes, and/or similar materials with instructions on the infringing devices.

89.    On information and belief, Hynix has contributorily infringed, and continues to contributorily infringe, the '563 Patent in violation of 35 U.S.C. § 271, by selling within the United States, offering for sale within the United States, and/or importing into the United States components that embody a material part of the inventions described in one or more of the claims of the '563 Patent, that are known by Hynix to be specially made or specially adapted for use in infringement of one or more of the claims of the '563 Patent, and that are not staple articles or commodities suitable for substantial, non-infringing use.

90.    Hynix has been put on notice of the '563 Patent and its infringement thereof before the filing of this Complaint.

91.    Hynix has had actual and constructive knowledge of the '563 Patent.

92.    Pursuant to 35 U.S.C. § 284, Intellectual Ventures I is entitled to damages adequate to compensate for the infringement but in no event less than a reasonable royalty.

93.    Hynix's infringement of the '563 Patent has been and is willful and, pursuant to 35 U.S.C. § 284, Intellectual Ventures I is entitled to treble damages.

94.    Intellectual Ventures I has been irreparably harmed by Hynix's acts of infringement, and will continue to be harmed unless and until Hynix's acts of infringement are enjoined and restrained by order of this Court.

95.    This case is "exceptional" within the meaning of 35 U.S.C. § 285, and Intellectual Ventures I is entitled to an award of attorneys' fees.

**PRAYER**

WHEREFORE, Intellectual Ventures I and II request that the Court:

1.    Enter judgment that Hynix has infringed, induced others to infringe, and/or contributorily infringed the '753 Patent, the '998 Patent, the '937 Patent, the '513 Patent, the '374 Patent, the '822 Patent, and the '563 Patent;

2.    Enter judgment that Elpida has infringed, induced others to infringe, and/or contributorily infringed the '753 Patent, the '998 Patent, the '937 Patent, the '513 Patent, and the '374 Patent;

3.    Permanently enjoin Hynix from further infringement of the '753 Patent, the '998 Patent, the '937 Patent, the '513 Patent, the '374 Patent, the '822 Patent, and the '563 Patent;

4.    Permanently enjoin Elpida from further infringement of the '753 Patent, the '998 Patent, the '937 Patent, the '513 Patent, and the '374 Patent;

5.    Award Intellectual Ventures I and II damages pursuant to 35 U.S.C § 284;

6.    Order an accounting of damages from Hynix's and Elpida's infringement;

7.   Award Intellectual Ventures I and II enhanced damages, up to and including trebling Intellectual Ventures I and II's damages pursuant to 35 U.S.C. § 284 for Defendants' willful infringement;

8.   Award Intellectual Ventures I and II their costs of suit and reasonable attorneys' fees pursuant to 35 U.S.C. § 285 due to the exceptional nature of this case, or as otherwise permitted by law; and

9.   Award Intellectual Ventures I and II such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Intellectual Ventures I and Intellectual Ventures II demand trial by jury for all issues so triable under Federal Rule of Civil Procedure 38(b) and Civil Local Rule 38.1.

Dated:    December 8, 2010                          Respectfully submitted,

                                                    FARNAN LLP

                                                     /s/ Joseph J. Farnan, III
                                                    Joseph J. Farnan, III (Bar No. 3945)
                                                    Brian E. Farnan (Bar No. 4089)
                                                    919 N. Market Street, 12th Floor
                                                    Wilmington, DE 19801-3032
                                                    302.777.0300 (phone)
                                                    302.777.0301 (fax)
                                                    jjfarnan@farnanlaw.com

Of Counsel:
Jared Bobrow (pro hac vice application forthcoming)
Weil, Gotshal & Manges LLP
201 Redwood Shores Parkway
Redwood Shores, California 94065
650.802.3000 (phone)
650.802.3100 (fax)

Michael Eisenberg (pro hac vice application forthcoming)
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153-0119
212.310.8000 (phone)
212.310.8007 (fax)